IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAROL MCKEEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY, a corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:14-cv-00396-DN-PMW<br><br>District Judge David Nuffer |

Defendant USAA Casualty Insurance Company ("USAA") filed a Motion and Memorandum in Support of Motion for Summary Judgment ("Motion").[1] In response, Plaintiff Carol McKeen filed a Memorandum in Partial Opposition to Motion for Summary Judgment ("Opposition Memorandum").[2] USAA filed a reply.[3] After review of the papers on this motion, and for the reasons set forth in this order, the Motion is GRANTED in part and DENIED in part.

## UNDISPUTED FACTS

These facts are undisputed:

1.  On November 29, 2007, Ms. McKeen was involved in an automobile-pedestrian accident, which was operated by Matthew Schaneman, and insured by Farmers.[4]

2.  Ms. McKeen attempted to cross the street in a crosswalk in Provo, Utah at the

---

[1] Motion and Memorandum in Support of Motion for Summary Judgment ("Motion"), docket no. 32, filed Aug. 28, 2015.

[2] Memorandum in Partial Opposition to Motion for Summary Judgment ("Opposition Memorandum"), docket no. 34, filed Sept. 26, 2015.

[3] Reply Memorandum to Plaintiff's Opposition to Motion for Summary Judgement ("Reply"), docket no. 36, filed Nov. 3, 2015; *see* DUCivR 7-1(b)(3)(A).

[4] Motion at iii, ¶ 1. Not disputed by Ms. McKeen. *See* Opposition Memorandum at 3–5;

time of the accident.[5]

3. Mr. Schaneman was at fault in causing the accident.[6]

4. Ms. McKeen was taken by ambulance from the accident to a local medical center and diagnosed with a closed head injury and other fractures and injuries.[7]

5. As a result of the accident, Ms. McKeen suffered a right occipital skull fracture, a right temporal bone fracture, two right temporal lobe intraparenchymal hemorrhages, a sub-capsular liver hematoma, cervical strain, and a left scaphoid fracture.[8]

6. Ms. McKeen also suffers from dysnosmia, or the inability to correctly differentiate smells, and ansomia, the inability to smell certain things, both of which affect her sense of taste.[9]

7. Ms. McKeen filed a demand with Mr. Schaneman's insurance carrier [Farmer's Insurance] on October 22, 2013.[10]

8. Ms. McKeen settled with Mr. Schaneman's insurance, after suit was filed and brief litigation, for the liability limits of $250,000.[11]

9. Ms. McKeen was insured under two separate auto policies issued by USAA. One on the vehicle in Utah and the other covering vehicles owned by Ms. McKeen's parents in Alabama. The total applicable underinsured motorist ("UIM") limit is $900,000.[12]

---

[5] Opposition Memorandum at 6, ¶ 1. Not disputed by USAA. *See* Reply at vii, ¶ 4.

[6] Motion at iii, ¶ 2. Not disputed by Ms. McKeen. *See* Opposition Memorandum at 3–5.

[7] Motion at iii, ¶ 3. Not disputed by Ms. McKeen. *See* Opposition Memorandum at 3–5.

[8] Opposition Memorandum at 6, ¶ 2. Not disputed by USAA. *See* Reply at vii, ¶ 5.

[9] Opposition Memorandum at 7, ¶ 8. Not disputed by USAA. *See* Reply at x, ¶ 11.

[10] Opposition Memorandum at 9, ¶ 16. Not disputed by USAA. *See* Reply at xv, ¶ 19.

[11] Motion at iv, ¶ 5. Not disputed by Ms. McKeen. *See* Opposition Memorandum at 3–5.

[12] Motion at iv, ¶ 6. Not disputed by Ms. McKeen. *See* Opposition Memorandum at 3–5.

10.     USAA agreed to waive its subrogation rights in interest.[13]

11.     The policies contain identical language as to UIM coverage. That language provides UIM benefits for damages "which a covered person is legally entitled to recover from an owner or operator of an underinsured motor vehicle because of BI [bodily injury] sustained by a covered person and caused by an auto accident."[14]

12.     Bodily injury is defined in the policy to mean "bodily harm, sickness, disease or death."[15]

13.     Ms. McKeen made a claim [against USAA] for policy limits of $900,000. At no time has Ms. McKeen made a demand for less than the UIM limits.[16]

14.     USAA evaluated Ms. McKeen's claim and determined that the value of her injuries did not exceed the $250,000 liability limits paid by Farmers Insurance on behalf of Mr. Schaneman.[17]

15.     On May 5, 2014, Ms. McKeen filed a complaint against USAA alleging breach of contract and breach of the implied covenant of good faith and fair dealing, seeking damages in an amount in excess of $900,000 for alleged UIM benefits under USAA policies.[18]

16.     Ms. McKeen works as a mother's assistant caring for children.[19]

17.     As a mother's assistant Ms. McKeen feeds the children breakfast and lunch, changes diapers, helps dress the children, does laundry, washes dishes, picks up after the

---

[13] Opposition Memorandum at 9, ¶ 17. Not disputed by USAA. *See* Reply at xv, ¶ 20.

[14] Motion at iv, ¶ 7 (citing Utah Automobile Policy Packet ("Utah Policy") at 13, Exhibit 3 to Motion, docket no. 32-4, filed Aug. 28, 2015).

[15] Motion at iv, ¶ 8 (citing Insurance Policy at 3).

[16] Motion at iv, ¶ 9. Not disputed by Ms. McKeen. *See* Opposition Memorandum at 3–5.

[17] Motion at iv–v, ¶ 10. Not disputed by Ms. McKeen. *See* Opposition Memorandum at 3–5.

[18] Motion at v, ¶ 11. Not disputed by Ms. McKeen. *See* Opposition Memorandum at 3–5.

[19] Motion at v, ¶ 13. Not disputed by Ms. McKeen. *See* Opposition Memorandum at 3–5.

children, plays with them and occasionally takes the children to the park or on walks.[20]

## DISPUTED FACTS

These facts are disputed:

18. Ms. McKeen clearly incurred medical expenses from her injuries in the motor vehicle accident of November 29, 2007. These were part of what she was compensated for in her settlement with the at fault driver, Mr. Schaneman. However, she has not claimed additional medical expenses related to her UIM claim against defendant.[21]

19. An MRI demonstrated gliosis involving the inferior anterior aspects of the frontal lobes bilaterally associated with subtle areas of encephalomalacia and a small discrete area of gliosis involving the cortcomedullary junction of the dorsal anterior left temporal lobe.[22]

20. Ms. McKeen's traumatic brain injury resulted in permanent structural damage to her brain, in particular the inferior frontal area and the anterior medial temporal lobe areas of the brain objectively demonstrated by the positive follow-up neuroimaging.[23]

21. As a result of the traumatic brain injury, Ms. McKeen suffers from chronic migraine headaches and neck pain which cause her constant pain and affect her ability to function.[24]

22. As a result of the traumatic brain injury, Ms. McKeen is unusually sensitive to noise and light, which exacerbates her migraine headaches.[25]

23. As a result of the traumatic brain injury, Ms. McKeen experiences irregular

---

[20] Motion at v, ¶ 14. Not disputed by Ms. McKeen. *See* Opposition Memorandum at 3–5.

[21] Motion at iii–iv, ¶ 4. Disputed by Ms. McKeen. *See* Opposition Memorandum at 3–5.

[22] Opposition Memorandum at 6, ¶ 3. Disputed by USAA. *See* Reply at viii, ¶ 6.

[23] Opposition Memorandum at 6, ¶ 4. Disputed by USAA. *See* Reply at viii, ¶ 7.

[24] Opposition Memorandum at 6–7, ¶ 5. Disputed by USAA. *See* Reply at viii–ix, ¶ 8.

[25] Opposition Memorandum at 7, ¶ 6. Disputed by USAA. *See* Reply at ix–x, ¶ 9.

sleeping patterns and physical and mental fatigue.[26]

24. As a result of the traumatic brain injury, Ms. McKeen's variable executive functioning and memory functioning are impaired.[27]

25. As a result of the traumatic brain injury, Ms. McKeen's attention span and her ability to process thoughts, find words, and concentrate are diminished.[28]

26. As a result of the traumatic brain injury, Ms. McKeen suffers from chronic vertigo and nausea.[29]

27. Ms. McKeen's traumatic brain injury and its attendant symptoms have had a significant and adverse impact on Ms. McKeen's life in a number of ways, including her mood, as well as her ability to interact with others in social settings as she once did.[30]

28. Ms. McKeen suffered other bodily injuries.[31]

29. Ms. McKeen's traumatic brain injury and its attendant symptoms frustrate her plans to further her education and become a speech pathologist.[32]

30. Being deprived of this income resulted in $2,723,865 of damages.[33]

31. Ms. McKeen's traumatic brain injury and its attendant symptoms thwarted her lifelong dream to be a mother and have a family.[34]

32. Ms. McKeen is physically able to have children and no physician has told her that

---

[26] Opposition Memorandum at 7, ¶ 7. Disputed by USAA. *See* Reply at x, ¶ 10.

[27] Opposition Memorandum at 7, ¶ 9. Disputed by USAA. *See* Reply at xi, ¶ 12.

[28] Opposition Memorandum at 8, ¶ 10. Disputed by USAA. *See* Reply at xi–xii, ¶ 13.

[29] Opposition Memorandum at 8, ¶ 11. Disputed by USAA. *See* Reply at xii, ¶ 14.

[30] Opposition Memorandum at 8, ¶ 12. Disputed by USAA. *See* Reply at xii–xiii, ¶ 15.

[31] Opposition Memorandum at 6, ¶ 2. Disputed by USAA. *See* Reply at vii, ¶ 5.

[32] Opposition Memorandum at 8, ¶ 13. Disputed by USAA. *See* Reply at xiii–xiv, ¶ 16.

[33] Opposition Memorandum at 8, ¶ 14. Disputed by USAA. *See* Reply at xiv, ¶ 17.

[34] Opposition Memorandum at 9, ¶ 15. Disputed by USAA. *See* Reply at xiv–xv, ¶ 18.

she is unable to have children.[35]

33. Ms. McKeen has failed to provide any medical evidence that she is physically unable to have children, much less that she has incurred actual damages from her alleged inability to have or care for children other than her subjective claim that she has been denied the joy of having a family. The decision to not have children was voluntary by Ms. McKeen, and not a result of medical advice, nor from bodily injuries sustained in the automobile accident. No medical provider seen by Ms. McKeen has recommended that she not have children.

    a.   Dr. Amy Shuman

    b.   Dr. Peter Kinkel

    c.   Dr. Christopher Radziwan

    d.   Dr. Jessica Englert

    e.   Dr. Zuzanna Razmus[36]

[These doctors provided Ms. McKeen with medical assistance]

34. No benefits were payable under Ms. McKeen's UIM coverage with USAA since the amount received from Mr. Schanerman's liability insurance was sufficient for all covered claims and injuries from the accident on November 29, 2007.[37]

35. USAA consented to Ms. McKeen's settlement with Mr. Schaneman and waived its subrogation interests so Ms. McKeen could pursue a claim for UIM benefits with USAA.[38]

36. When USAA initially opened a claim file, it created a $50,000 reserve for Ms. McKeen's claim, which reflected USAA's understanding at the time of its potential exposure

---

[35] Motion at v, ¶ 12. Disputed by Ms. McKeen. *See* Opposition Memorandum at 3–5.

[36] Motion at v–1, ¶ 15. Disputed by Ms. McKeen. *See* Opposition Memorandum at 3–5.

[37] Motion at iv–v, ¶ 10. Disputed by Ms. McKeen. *See* Opposition Memorandum at 13–14

[38] Opposition Memorandum at 9, ¶ 17. Disputed by USAA. *See* Reply at xv, ¶ 20.

from the claim.[39]

37. After learning additional information about the case, USAA increased its reserve to $300,000.[40]

38. Despite evaluating its potential exposure from the claim at $300,000, and despite Ms. McKeen having $900,000 in UIM coverage, USAA did not offer Ms. McKeen any UIM compensation for her injuries.[41]

## STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[42] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[43] In determining whether there is a genuine dispute as to material fact, the court should "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant [Ms. McKeen]."[44]

USAA "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[45]

## ANALYSIS

USAA moves for summary judgment[46] on Ms. McKeen's claims of breach of contract, breach of the implied covenant of good faith and fair dealing, and punitive damages.[47] Ms.

---

[39] Opposition Memorandum at 9, ¶ 18. Disputed by USAA. *See* Reply at xv–xvi, ¶ 21.

[40] Opposition Memorandum at 9, ¶ 19. Disputed by USAA. *See* Reply at xvi, ¶ 22.

[41] Opposition Memorandum at 9, ¶ 20. Disputed by USAA. *See* Reply at xvi–1, ¶ 23.

[42] Fed. R. Civ. P. 56(a).

[43] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[44] *Id.*

[45] *Id.* at 670–71.

[46] Motion at i.

McKeen does not oppose summary judgment with respect to punitive damages.[48] Therefore, USAA's motion is GRANTED with respect to punitive damages. This memorandum decision and order addresses whether summary judgment is appropriate with respect to Ms. McKeen's claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Before addressing those two issues, however, a threshold issue must be addressed: Should summary judgment should be granted because Ms. McKeen's damages do not exceed $250,000?

### I.     There Is a Genuine Dispute Regarding Ms. McKeen's Damages

The parties dispute the damages Ms. McKeen suffered.[49] USAA argues that "[i]t is undisputed by the record that Plaintiff's medical expenses, for all conditions, physical or emotional, that were caused in the motor vehicle accident of November 29, 2007 were less than $40,000.00."[50] USAA claims that Ms. McKeen failed to claim additional medical expenses, and Mr. Schaneman's insurance completely compensated Ms. McKeen for her injuries when it paid her $250,000 in settlement.[51] Ms. McKeen disputes these assertions, arguing that the $250,000 she received in settlement from Mr. Schaneman's insurance only partially compensated her for her injuries and she continues and will continue to incur medical expenses in excess of $250,000.00.[52] Ms. McKeen argues that the Farmer's policy settlement "was never purported to be compensation for all [her] injuries, or even a specifically identified subset of those injuries."[53]

---

[47] *See* Complaint at ¶¶ 24–38, Exhibit 2, docket no. 32-3, filed Aug. 28, 2015.

[48] Opposition Memorandum at 1 n.1.

[49] *Id.* at 3.

[50] Reply at 9 (citing "Deposition of Nicole Beckingham, p. 76"). Page 76 of Nicole Beckingham's deposition was not provided as part of the record. Therefore, this statement that Ms. McKeen allegedly incurred no more than $40,000 in damages cannot be verified.

[51] Opposition Memorandum at 3.

[52] *Id.* at 3–4.

[53] *Id.* at 3.

Under Ms. McKeen's insurance policies with USAA her damages must exceed the $250,000 already paid by Mr. Schaneman's insurance before USAA can be held liable for a UIM claim.[54] However, the dispute whether Ms. McKeen's damages exceed $250,000.00 precludes summary judgment.

USAA carries the initial burden of "making a prima facie demonstration of the absence of a genuine issue of material fact"[55] that Ms. McKeen's damages exceed Mr. Schaneman's $250,000 policy limit. While not stated in its Motion, USAA arguably established a prima facie case in its Reply by providing evidence that Ms. McKeen suffered only $40,000 in medical expense damages.[56] USAA repeatedly states that Ms. McKeen "does not . . . provide evidence [of] actual damages,"[57] but this is an incorrect analysis. USAA must establish the prima facie case, not Ms. McKeen. Moreover, Ms. McKeen has created a genuine issue of material fact by citing evidence that damages due to her continued medical treatment exceed Mr. Schaneman's $250,000 policy limit.[58]

Viewing the evidence in the light most favorable to the non-moving party, Ms. McKeen, USAA has failed to show it is entitled to summary judgment that Ms. McKeen's damages do not qualify for UIM coverage. A genuine issue of material fact exists regarding the $250,000 policy limit threshold. This triable issue requires analysis on the remaining issues.

---

[54] *See* Alabama Policy at 15, 16, Exhibit L to Opposition Memorandum, docket no. 34-12, filed September 26, 2015; Utah Policy at 6.

[55] *See Adler*, 144 F.3d at 670–71.

[56] Reply at 9 (citing "Deposition of Nicole Beckingham, p. 76"). Page 76 of Nicole Beckingham's deposition was not provided as part of the record. Therefore, this statement that Ms. McKeen allegedly incurred no more than $40,000 in damages cannot be verified.

[57] Motion at 5–7.

[58] Opposition Memorandum at 4–5 (citing UIM Demand Letter at 10, Exhibit D to Opposition Memorandum, docket no. 34-4, filed Sept. 26, 2015; Carol McKeen Deposition at 38:25-39:2, Exhibit B to Opposition Memorandum, docket no. 34-2, filed Sept. 26, 2015; Erin D. Bigler, Ph.D. Report, Exhibit E to Opposition Memorandum, docket no. 34-5, filed Sept. 26, 2015).

## II. There Is a Genuine Dispute Regarding the Breach of Contract Claim

According to Utah law, a plaintiff must show a prima facie case of breach of contract by establishing "(1) a contract, (2) performance by the party seeking recovery, (3) breach of contract by the other party, and (4) damages."[59]

USAA argues that Ms. McKeen cannot establish these elements and USAA is entitled to summary judgment because Ms. McKeen's "alleged injury is not covered by the policy"[60] and because Ms. McKeen "has not suffered damages."[61] Thus, according to USAA, Ms. McKeen's claim for UIM benefits was appropriately denied and the contract was not breached because Ms. McKeen has failed to show actual damages.[62] Because there are disputed facts with respect to the breach of contract claim, summary judgment cannot be granted on this issue.

### A. Bodily Injury

Ms. McKeen's policy states that USAA will pay "compensatory damages which a covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of BI [bodily injury] sustained by a covered person and caused by an auto accident."[63] The insurance policy defines bodily injury as "bodily harm, sickness, disease or death."[64]

USAA argues that Ms. McKeen's alleged "'inability to have and care for children" is not covered under her insurance policy because "it is not 'bodily injury.'"[65] Thus, according to USAA, Ms. McKeen's claim for UIM benefits was appropriately denied and there is no breach

---

[59] *Bair v. Axiom Design, L.L.C.*, 2001 UT 20, ¶ 14, 20 P.3d 388, 392 (citation omitted).

[60] Motion at 2.

[61] *Id.* at 5.

[62] *Id.*

[63] Utah Policy at 13.

[64] *Id.* at 3.

[65] Motion at 2.

of contract. However, USAA inappropriately focuses on Ms. McKeen's alleged inability to rear children, categorizing it as a "purely emotional harm" which is "not a physical injury."[66] USAA cites cases such as *American National Property & Casual Co. v. Jackson*[67] and *Beck v. Farmers Ins. Exch.*[68] for the proposition that in order to recover for emotional distress, there must be an "appreciable physical manifestation" accompanying the emotional harm.[69] But USAA's argument ignores the fact of Ms. McKeen's bodily injury.

It is undisputed that "Ms. McKeen suffered a right occipital skull fracture, a right temporal bone fracture, two right temporal lobe intraparenchymal hemorrhages, a sub-capsular liver hematoma, cervical strain, and a left scaphoid fracture.[70] Ms. McKeen has not narrowed her injuries to the "inability to have children" as USAA suggests. Rather, Ms. McKeen argues USAA breached the contract because it failed to "pay underinsured motorist coverage benefits to [her] *for her uncompensated injuries* . . . ."[71] Thus, contrary to USAA's argument that Ms. McKeen's breach of contract claim is based on "purely emotional harm," she seeks compensation for *all* her injuries—including the undisputed physical injuries she suffered as a result of the accident.

Ms. McKeen does not dispute that she is able to conceive, but argues that she is unable to *rear* children and therefore is effectively unable to "have children."[72] "Thus," Ms. McKeen argues, "while there is no physical injury to [her] reproductive system that prevents her from conceiving, there is a physical injury to her brain that manifests itself in myriad [ways], all of

---

[66] *Id.* at 3.

[67] *American Nat'l Prop. v. Jackson*, No. 1:07-cv-00163, 2010 WL 2555120 (D. Utah June 21, 2010) (unpublished).

[68] *Beck v. Farmers Ins. Exch.*, 701 P.2d 795 (Utah 1985).

[69] Motion at 3.

[70] Undisputed Fact 5.

[71] Complaint ¶ 26 (emphasis added).

[72] Opposition Memorandum at 4.

which have combined to prevent her from rearing children."[73] Her ability to conceive is irrelevant, according to Ms. McKeen, because she "is *not* seeking compensation for emotional harm . . . ."[74] Instead, she argues, she is seeking compensation for the consequences flowing from her brain injury.[75] This is the correct analysis, and USAA's attempt to classify Ms. McKeen's injuries as "purely emotional" is rejected.

Furthermore, even if Ms. McKeen were seeking compensation for emotional harm, it is not certain that she would be unable to show appreciable "physical manifestations" resulting from her alleged emotional harm. Ms. McKeen has asserted that she experiences "chronic migraine headaches and neck pain; sensitivity to noise and light; irregular sleeping patterns and physical and mental fatigue; dysnosmia and anosmia; impaired executive functioning and memory; diminished concentration, thought and speech processing; and chronic vertigo and nausea."[76] It is unclear whether these conditions are physical manifestations resulting from emotional harm, or are independent physical injuries in and of themselves. Either way, USAA disputes these alleged facts.[77] Construing these allegations in the light most favorable to Ms. McKeen, the non-moving party, it is clear that summary judgment cannot be granted for USAA on this issue.

In summary, while Ms. McKeen is physically capable of conceiving a child,[78] USAA is incorrect that it is undisputed that she has not suffered "bodily injury." Therefore, summary judgment for USAA cannot be granted with respect to USAA's argument that Ms. McKeen has

---

[73] *Id.* at 5.

[74] *Id.* at 11.

[75] *Id.*

[76] *Id.* at 10.

[77] Disputed Facts 21-28.

[78] Opposition Memorandum at 4.

not suffered any "bodily injury." Further, because the parties dispute whether Ms. McKeen is demonstrating physical manifestations resulting from emotional harm or separate physical injuries in addition to the undisputed physical injuries listed above, USAA is not entitled to summary judgment on the "bodily injury" argument.

### B. Actual Damages

USAA further argues that Ms. McKeen's breach of contract claim fails because she cannot "provide evidence [of] actual damages."[79] USAA argues that her damages may "at any time [she] choses, be remedied by having a child."[80] Ms. McKeen responds that she suffers from physical symptoms of a traumatic brain injury which result in "ongoing damages."[81] She also argues that her inability to have children is just one consequence of her injuries that "continue[s] to result in economic and non-economic damages well beyond the $250,000 she received from the liable driver."[82]

USAA again has focused solely on Ms. McKeen's inability to have children as her only source of damages, and has ignored her other, undisputed physical injuries.[83] It is undisputed that Ms. McKeen is physically able to conceive children.[84] But USAA is incorrect that having a child would remedy all her damages. It is also undisputed that Ms. McKeen has suffered physical injury to her body—particularly to her brain—which has resulted in "ongoing damages." Thus,

---

[79] Motion at 5.

[80] *Id.* at 5–6.

[81] Opposition Memorandum at 10.

[82] *Id.* at 10, 13.

[83] Motion at 5–7.

[84] Opposition Memorandum at 4.

Ms. McKeen has created a genuine issue of material fact by citing evidence showing her damages may exceed $250,000.[85]

Viewing the evidence in the light most favorable to the non-moving party, USAA has failed to establish that there is no genuine issue of material fact whether Ms. McKeen suffered actual damages. Accordingly, USAA is not entitled to summary judgment with respect to its "actual damages" argument.

Because neither of USAA's arguments is successful, summary judgment is DENIED as to the breach of contract claim.

### III. There Is a Genuine Dispute Regarding the Breach of Implied Covenant Claim

USAA further argues that there is no breach of the implied covenant of good faith and fair dealing because USAA "investigated the validity of Plaintiff's claim timely, evaluated the claim fairly, and promptly informed Plaintiff of its decision."[86] Accordingly, USAA argues, it acted reasonably on the fairly debatable issue of whether to approve or deny the claim, and there can be no cause of action for breach of the implied covenant of good faith and fair dealing.

In response, Ms. McKeen argues that her physical symptoms call into question USAA's denial.[87] Furthermore, she states that by setting a reserve, USAA "recognized that [her] UIM claim created exposure for it to the tune of $300,000."[88]

Under Utah law, "an insurer's implied duties to diligently investigate claims, evaluate claims fairly, and act reasonably and promptly in settling or denying claims. Only when 'there

---

[85] *Id.* at 4–5 (citing UIM Demand Letter at 10, Exhibit D to Opposition Memorandum, docket no. 34-4, filed Sept. 26, 2015; Carol McKeen Deposition at 38:25-39:2, Exhibit B to Opposition Memorandum, docket no. 34-2, filed Sept. 26, 2015; Erin D. Bigler, Ph.D. Report, Exhibit E to Opposition Memorandum, docket no. 34-5, filed Sept. 26, 2015.).

[86] Motion at iii.

[87] Opposition Memorandum at 13.

[88] *Id.*

[is] a legitimate factual issue as to the validity of [the insured's] claim,' such that reasonable minds could not differ as to whether the insurer's conduct measured up to the required standard of care, should the court grant judgement as a matter of law."[89] Furthermore, "[i]f an insurer denies an insured's claim [that] is fairly debatable, [then] the insurer is entitled to debate it and cannot be held to have breached the implied covenant if it chooses to do so."[90]

USAA relies heavily upon Utah's fairly debatable defense and the reasonableness standard. However, USAA fails to provide any evidence that it evaluated Ms. McKeen's claim "fairly, and act reasonably and promptly."[91] USAA does not discuss its consideration of Ms. McKeen's claim aside from her inability to have children. It appears that USAA's decision was based solely on this premise. Further, Ms. McKeen adequately raises whether USAA acted in good faith in denying the claim while knowing that she suffered undisputed physical injury and setting aside as much as $300,000.00 for the claim. USAA disputes the reasons for creating a reserve of $300,000.00 for the insurance claim.[92]

Therefore, viewing the evidence in the light most favorable to the non-moving party, USAA failed to demonstrate a lack of dispute regarding the claim for breach of the implied covenant of good faith and fair dealing.

## CONCLUSION AND ORDER

Because the parties have stipulated to dismissal of the punitive damages claim, the Motion is GRANTED IN PART. However, because there are genuine disputes of material fact regarding the breach of contract claim and the breach of the implied covenant of good faith and fair dealing claim, the Motion is DENIED IN PART.

---

[89] *Jones v. Farmers Ins. Exch.*, 2012 UT 52, ¶ 12, 286 P.3d 301, 305.

[90] *Prince v. Bear River Mut. Ins. Co.*, 2002 UT 68, ¶ 28, 56 P.3d 524, 533–34 (citations omitted).

[91] *Jones*, 2012 UT 52, ¶ 12, 286 P.3d at 305.

[92] Reply at xvi.

IT IS HEREBY ORDERED that the Motion[93] is GRANTED IN PART and DENIED IN PART.

Dated December 28, 2015.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[93] Motion and Memorandum in Support of Motion for Summary Judgment ("Motion"), docket no. 32, filed Aug. 28, 2015.