IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAROL MCKEEN,<br><br>     Plaintiff,<br>v.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>     Defendant. | **ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Case No. 2:14-cv-00396-DN-PMW<br><br>District Judge David Nuffer<br>Magistrate Judge Paul M. Warner |

On December 28, 2015, a memorandum decision and order ("Order") was entered granting in part and denying in part the motion for summary judgment filed by USAA Casualty Insurance Company ("USAA").[1] The Order granted dismissal of the punitive damages claim since both parties had stipulated to dismissal of that claim, but the Order denied summary judgment on the breach of contract claim and the breach of the implied covenant of good faith and fair dealing claim because there were genuine issues of material fact.[2]

On January 25, 2016, USAA filed a motion for reconsideration of the Order ("Motion").[3] Plaintiff Carol McKeen ("Ms. McKeen") opposes reconsideration and filed a memorandum urging denial of USAA's Motion ("Opposition").[4] USAA filed a reply memorandum on February 26, 2016 ("Reply").[5] For the reasons below, the Motion is denied.

---

[1] Memorandum Decision and Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment ("Order"), docket no. 37, entered Dec. 28, 2015.

[2] Order at 15.

[3] Motion and Memorandum in Support of Motion for Reconsideration ("Motion"), docket no. 38, filed Jan. 25, 2016.

[4] Memorandum in Opposition to Motion for Reconsideration ("Opposition"), docket no. 42, filed Feb. 17, 2016.

[5] Reply Memorandum in Support of Motion for Reconsideration ("Reply"), docket no. 43, filed Feb. 25, 2016.

**STANDARD**

Motions to reconsider, to the extent such motions are recognized, are disfavored.[6] A court may reconsider a prior ruling based on "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice."[7]

**DISCUSSION**

The main thrust of USAA's Motion is that the Order should have granted summary judgment for USAA with respect to the bad faith claim.[8] USAA raises several ways it believes the Order was incorrectly decided. However, because USAA fails to establish that there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice[,]"[9] the Motion fails.

### There Is No Intervening Change in the Controlling Law

USAA does not argue that there was a change in controlling law. Therefore, this element does not support the Motion.[10]

---

[6] *Warren v. Am. Bankers Ins. of Fl.*, 507 F.3d 1239, 1243 (10th Cir. 2007) (stating that for twenty years, the Tenth Circuit has "admonished counsel that the Federal Rules of Civil Procedure do not recognize that creature known all too well as the 'motion to reconsider' or 'motion for reconsideration.'); *Whittington v. Taco Bell of Am., Inc.*, No. 10-1884, 2012 WL 3705046, at *2 (D. Colo. Aug. 27, 2012) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)).

[7] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[8] Reply at 2 ("[S]ummary judgment should have been granted at least with respect to the cause of action for alleged breach of the implied duty of good faith.").

[9] *Servants of the Paraclete*, 204 F.3d at 1012.

[10] *Pheasantbrook Home Owners Association v. Travelers Indemnity Co.*, Case No. 2:14-cv-00056-DN-PMW, 2016 WL 309771 (D. Utah Jan. 25, 2016), is unlike this case. In *Pheasantbrook*, the insurance company retained an expert *while the claim was still under review* to determine whether the claim should be approved or denied. *Id.* at *10-*11. Thus, the expert in *Pheasantbrook* was retained *as part of the claim review process*. Here, USAA's expert was not retained as part of the claim review process, but was retained "to provide expert opinions on whether the conduct of USAA, in handling McKeen's Underinsured Motorist claim meets generally accepted customs, practices, and standards of care for such claims in the Insurance Industry."[10] Thus, USAA's expert was retained *after* USAA denied the claim to opine about whether USAA acted in good faith. This is factually different than *Pheasantbrook*. Therefore, while the legal standards discussed in *Pheasantbrook* are applicable, the holding of *Pheasantbrook* is inapplicable because the experts were retained for different purposes.

## The "New Evidence" Presented Does Not Warrant Reconsideration

USAA argues that reconsideration is appropriate because there is new evidence available.[11] USAA notes that it received "an expert report from Paul Brenkman" on November 27, 2015, after the close of briefing on summary judgment, which concludes that "the USAA evaluation process was fair, reasonable and consistent with insurance industry standards in reaching the conclusion that Plaintiff's UIM claim did not exceed the underlying liability policy limits of $250,000.00."[12] Ms. McKeen, on the other hand, argues that there is "no new evidence that calls into question" the Order.[13] Ms. McKeen correctly notes that the "new evidence" cited by USAA is simply opinion evidence from their own expert "echo[ing] the arguments USAA has already made, and which the Court has already considered."[14]

The "new evidence" USAA raises is not new evidence at all. Instead, it is *opinion* from USAA's expert concluding that USAA acted reasonably in denying the UIM claim.[15]

## There is No Clear Error or Manifest Injustice in the Prior Order

Most of USAA's argument focuses on what it perceives to be error committed in the Order. Without addressing each detail raised by USAA, it is important to note that USAA remains incorrectly focused on the argument that USAA acted reasonably when denying Ms. McKeen's claim because she is still *physically able* to have children. This argument misunderstands the basis of Ms. McKeen's claims. Ms. McKeen does not dispute that she is physiologically able to bear a child. Rather, she disputes whether she will be adequately able to

---

[11] Motion at 7.

[12] *Id.* at 2-3, 4. The Motion includes a "Statement of Facts" section and is docketed as a motion for summary judgment. To the extent the Motion purports to be a motion for summary judgment, it is rejected as untimely. The dispositive motions deadline is past. *See* Amended Scheduling Order, docket no. 31, entered Aug. 21, 2015.

[13] Opposition at 7.

[14] *Id.*

[15] Expert Witness Report of Paul Brenkman at 2, Ex. A to Reply, docket no. 43-1, filed Feb. 25, 2016 ("This expert report and *opinion* is based upon . . . ." (emphasis added)).

*rear* and *raise* a child. This was explained in the prior Order. But, even more importantly, Ms. McKeen's bad faith claim is *not* based on USAA's decision to deny her claim because of USAA's determination that the alleged inability to "have" or "bear" or "rear" a child was novel and could not support payment of UIM benefits. The bad faith claim is based on USAA's "unreasonableness in the way it handled the claim . . . ."[16]

> USAA . . . did not appear to give any real consideration to Ms. McKeen's other injuries; namely, ongoing debilitating migraine headaches, inability to smell correctly, constant fatigue, irregular sleep, and cognitive disorders, all of which had been plaguing Ms. McKeen for more than six years at the time she made her claim for UIM benefits. That USAA made these denials despite having reserved $300,000 to cover the exposure USAA determined it had in the face of Ms. McKeen's claim only underscores USAA's breach.[17]

Ms. McKeen identified these injuries to USAA in her UIM demand letter.[18] Thus, any claim that USAA was not aware of any other injuries besides the emotional harm of the "alleged inability to have a future family"[19] is not supported by the record. USAA was also made aware of Ms. McKeen's desire to become a speech pathologist. Ms. McKeen stated in her UIM demand letter that she had not yet, at the time of the UIM demand letter, "retained a forensic economist to calculate the significant financial loss this has caused and will continue to cause [her] throughout her life."[20] These claims were communicated to USAA and USAA cannot legitimately argue that the Order was based on facts that were "not available" to USAA at the time it denied the UIM claim.[21] *At a minimum*, there is a *dispute of material fact* regarding whether USAA knew of the

---

[16] Opposition at 9.

[17] *Id.*

[18] *See* Letter from Gregory N. Hoole, Ms. McKeen's attorney, to USAA, Ex. D to Opposition Memorandum, docket no. 34-4, filed Sep. 26, 2015 (identifying physical injuries and ongoing damages as a result of those injuries).

[19] Motion at 9.

[20] Letter from Gregory N. Hoole, Ms. McKeen's attorney, to USAA at 2, Ex. D to Opposition Memorandum, docket no. 34-4, filed Sep. 26, 2015.

[21] Motion at 10-11.

other alleged physical injuries and Ms. McKeen's speech pathology pursuits at the time Ms. McKeen submitted the UIM claim to USAA.

Despite these explanations of Ms. McKeen's position, USAA continues to focus on Ms. McKeen's alleged inability to have children as the reason to deny the claim. Ms. McKeen has stated that she

> is not seeking insurance benefits for physical manifestations of a purely emotional harm. Rather, Ms. McKeen is seeking insurance benefits for the direct and proximate consequence of physical injury, just the opposite fact pattern that is at issue in the cases on which USAA relies. To the extend Ms. McKeen is seeking compensation for emotional issues, they are emotional issues resulting from her physical injuries, not the other way around. Thus, if there is any misapprehension in this case, it is on the part of USAA, not the Court.[22]

USAA also argues that the court failed to correctly apply the controlling law when deciding the bad faith claim.[23] USAA argues that the court did not address the issue of reasonableness or analyze the fairly debatable defense in the Order.[24] This is incorrect.[25] The Order noted that "USAA fails to provide any evidence that it evaluated Ms. McKeen's claim 'fairly, and act[ed] reasonably and promptly.' USAA does not discuss its consideration of Ms. McKeen's claim aside from her inability to have children. It appears that USAA's decision was based solely on this premise."[26] The fairly debatable defense and the reasonableness standard were considered, and USAA failed to show that it was entitled to summary judgment on those issues. The current Motion does not change that disposition.

---

[22] Opposition at 8.

[23] Reply at 5.

[24] *Id.* at 7-8.

[25] Order at 15 (explaining the reasonableness standard and the fairly debatable defense).

[26] *Id.*

Furthermore, to the extent USAA argues that all of Ms. McKeen's injuries were compensated by the $250,000.00 settlement with the at-fault driver's insurer, this argument was addressed and rejected in the Order.[27] This is not a basis for reconsideration.

## CONCLUSION

As USAA acknowledges, a motion for reconsideration is committed to the court's discretion and should only be granted "if the moving party can present new facts or clear errors of law that compel a change in the court's prior ruling."[28] USAA misses the mark by continuing to focus solely on Ms. McKeen's stated inability to rear children. USAA does not adequately explain why it denied the claim after it received notice that Ms. McKeen was suffering ongoing damages from additional physical injuries suffered in the accident.

## ORDER

IT IS HEREBY ORDERED that the Motion[29] is DENIED.

Dated March 22, 2016.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[27] Order at 8-9.

[28] Motion at 7 (citing *Econova, Inc. v. DPS Utah*, Case No. 1:12-cv-00174-TC, 2013 WL 85077, *1 (D. Utah Jan. 7, 2013) (unpublished)).

[29] Motion and Memorandum in Support of Motion for Reconsideration ("Motion"), docket no. 38, filed Jan. 25, 2016.